# United States District Court
## Central District of California

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | EDCR 15-00007-VAP-3 |
| **Defendant** EVELYN ROMERO | | **Social Security No.** 8  2  9  6 |
| akas: Romero, Evelyn Nieves | | (Last 4 digits) | |

### AMENDED JUDGMENT AND PROBATION/COMMITMENT ORDER
(Amended to Include Restitution)

The Sentencing was conducted by videoconference, with the express consent of the defendant.

In the presence of the attorney for the government, the defendant appeared on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 07 | 06 | 2020 |

**COUNSEL**  James E. Blatt, retained
(Name of Counsel)

**PLEA**  **X** **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Conspiracy, in violation of Title 18 U.S.C. § 371, as charged in Count 1 of the Indictment;**
**Embezzlement and Theft of Labor Union Assets, in violation of 29 U.S.C. § 501(c), as charged in Count 33 of the Indictment.**
**Prohibition Against Certain Persons Holding Office, in violation of 29 U.S.C. §§ 504(a), (b), as charged in Count 40 of the Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

**It is ordered** that the defendant shall pay to the United States a special assessment of $300, which is due immediately.

The defendant shall pay restitution in the total amount of $316,501.98 to victims as set forth in a separate victim list prepared by the probation office, and listed in government's Exhibit A and Exhibit B (Dkt. No. 382), which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. Defendant shall pay $1,000 to the victims listed in government's Exhibit B, and $315,501.98 to the victims listed in government's Exhibit A. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

The defendant shall pay restitution in the total amount of $316,501.98, payable in the amount of $350.00 per month or 10% of Defendant's monthly gross income, whichever is greater. The Court notes that Defendant currently has a net worth in excess of $1,000,000.

Defendant Evelyn Romero shall be held solely liable for $1,000 of the total amount of restitution. Defendant shall be held jointly and severally with co-defendants (EDCR 15-00007-VAP) for the remaining amount of restitution ordered in this judgment as follows: defendant shall be held jointly and severally liable with co-defendant Danae

| USA vs. EVELYN ROMERO | Docket No.: EDCR 15-00007-VAP-3 |
|---|---|

Romero for the amount of $200,551.98; and, defendant shall be held jointly and severally liable with co-defendant John S. Romero, Sr. for the amount of $155,450.  The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

The defendant shall comply with General Order No. 20-04.

Pursuant to Guideline §5E1.2(a), all fines are waived as the Court finds that the defendant has established that she is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Evelyn Romero, is hereby placed on probation on Counts 1, 33, and 40 of the Indictment for a term of **two (2) years**. This term consists of two years on each of Counts 1, 33, and 40, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and General Order 20-04, excluding Condition 14 in Section I of that Order, but including the conditions of probation and supervised release set forth in Section III of General Order 20-04.

2. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall cooperate in the collection of a DNA sample from the defendant.

4. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any other financial gains to the Court-ordered financial obligation.

5. The defendant shall not be a fiduciary of the benefit plan as defined in 29 U.S.C. § 1002(21)(A) without the prior approval of a United States Probation Officer.

6. The defendant shall submit her person, property, house, residence, vehicle, papers, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

7. The defendant shall notify the Court of any material change in defendant's ability to pay, including without limitation increases in wages, income, or assets. See 18 U.S.C. § 3664(k).

8. The defendant shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

9. Defendant's criminal restitution debt will be referred to the Treasury Offset Program through the procedures set forth in 31 U.S.C. §§ 3720A and 3716 to offset funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to apply those funds to defendant's outstanding fine or restitution balance until defendant's liability to pay any fine or restitution order has expired or been satisfied.

| USA vs.  EVELYN ROMERO | Docket No.:  EDCR 15-00007-VAP-3 |
|---|---|

10. The defendant shall notify the Financial Litigation Section of the United States Attorney's Office for the Central District of California before transferring any interest in real property, owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations.

11. The United States Probation & Pretrial Services Office shall preserve and provide the Financial Litigation Section of the United States Attorney's Office for the Central District of California with all the financial documentation relied upon in the preparation of the Presentence Report, including any net worth and cash flow statements completed by the defendant.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Defendant shall submit herself to the United States Probation Office, located on 300 N. Los Angeles Street, Ste. 1300, Los Angeles, CA 90012 by 4:00 PM of July 7, 2020.  The defendant is directed to call the Probation Office in advance, at 213-894-3600, for location and further instructions on where to report.

Defendant's bond is exonerated upon reporting to the United States Probation Office.

In the interests of justice and upon government's motion, the remaining counts are ordered dismissed.

Defendant is informed of her right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| October 26, 2020 | /s/ Virginia A. Phillips |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| October 26, 2020 | By | /s/ Christine Chung |
|---|---|---|
| Filed Date | | Deputy Clerk |

USA vs.   EVELYN ROMERO                                   Docket No.:   EDCR 15-00007-VAP-3

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| | | | |
|---|---|---|---|
| USA vs.   EVELYN ROMERO | | Docket No.: | EDCR 15-00007-VAP-3 |

☐   The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1).  Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. EVELYN ROMERO | Docket No.: EDCR 15-00007-VAP-3 |
|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By _____
Date                Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By _____
Filed Date          Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                    _____
         Defendant                                Date

_____                                  _____
U. S. Probation Officer/Designated Witness        Date